ROLAND H. COBB,
COMM'R. OF INLAND FISHERIES AND GAME
*vs.*
BOLSTERS MILLS IMPROVEMENT SOCIETY

Cumberland.   Opinion, June 19, 1962.

*Reid, Brown and Wathen,* for plaintiff.

*Linnell, Perkins, Thompson, Hinckley and Thaxter,*
for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ.  DUBORD, J., did not sit.

WILLIAMSON, C. J. This is a petition by the Commissioner of Inland Fisheries and Game to compel the carrying out of his order to the defendant Bolsters Mills Improvement Society to construct a fishway in its dam, known as the Bolsters Mills Dam, on the Crooked River between Harrison and Otisfield. The defendant is a village improvement society and a charitable corporation organized and existing under R. S., c. 54.

The case is reported to us from the Superior Court by agreement of the parties upon the complaint, answer, and agreed statement of facts for "such decision as the rights of the parties require."

Acting under the provisions of R. S., c. 37, § 13, the Commissioner after notice and hearing ordered the defendant in writing "to construct a fishway in your dam. . . This fishway must be constructed by September 1, 1961 and this fishway shall be kept open to the passage of fish each year from April 1 through December 15. I trust you will advise me as to your plans in this matter, at your earliest convenience." The order did not specify the nature of the fishway and no plans or specifications with respect thereto were attached to or made a part of the order.

From the agreed statement of facts it appears that the defendant has no assets with which to comply with the order, "its only assets being its said dam and the land connected therewith." Further, there exists an obstruction in the Crooked River approximately two miles down the stream from the defendant's dam known as Scribner's Dam "of sufficient nature to prevent the passage of migratory fish," with reference to which there is a similar action now pending to enforce an order to construct a fishway therein. The pertinent parts of the statute read:

"**Sec. 13.  Construction of fishways and repairs thereto; appeals.**—If any owner or occupant neg-

lects or refuses to join in proportion to his interest therein in erecting, maintaining, repairing or altering such fishway so ordered and required, the other owners or occupants shall do so and shall have a civil action against such delinquents for their proportion of the expense thereof. If all owners and occupants refuse or neglect to do so, the commissioner may do so and shall have a civil action against all delinquents for their proportion of the expense thereof *or the commissioner may petition the superior court, in the county where said dam or other artificial obstruction exists, to enforce any such order or to restrain any violation thereof.*"

We have emphasized above the provision first enacted in 1955, under which the present proceeding was brought.

In our opinion, the order of the Commissioner is not sufficiently exact and specific to provide a basis for action by the court. For this reason alone without consideration of the other reasons advanced by the defendant the Commissioner's petition to the Superior Court must be dismissed.

The Commissioner of Inland Fisheries and Game "shall have general supervision and enforcement of the inland fish and game laws." R. S., c. 37, § 2. In the department headed by him are gathered the expert knowledge and experience essential in carrying out the functions of the office, so important to the State and to our citizens and to our many visitors. It is not surprising that the Legislature has given broad powers over fishways to the Commissioner.

As we read the statute, it is implicit that the order of the Commissioner contain a description or plan of the proposed fishway and the conditions of its use in reasonable detail. We need not determine precisely what such an order should contain, but certainly we should find more than merely an order to build a fishway.

The defendant argues in substance that it cannot tell whether a fishway deemed sufficient to the dam owner would be so considered by the Commissioner, and that it would be entirely possible for a dam owner to incur substantial expense in constructing a fishway which would not meet standards set by the Commissioner. We recognize the force of the contentions.

Given a plan or description or both based on the expert knowledge of the Commissioner and his staff after notice and hearing, a dam owner such as the defendant would not be forced to build a fishway blindly and without guidance. Further, the dam owner on entry of an order in reasonable detail could determine more readily whether to accept the decision or to appeal therefrom.

Of decisive importance as well is the need of the Superior Court to have before it an order which speaks in reasonable detail. It is immaterial whether the court is considering the order on appeal or on a petition for enforcement. In either case, the court is entitled to know what in fact the Commissioner has ordered. The court must ask what kind of a fishway is required to meet the Commissioner's decision. The answer must be found in the order made by him.

It is the Commissioner's order alone that the court may "enforce" or "restrain any violation thereof." Unless the order is in reasonable detail the court, no less than the dam owner, will not know with certainty whether any particular kind of fishway will prove sufficient in the judgment of the Commissioner.

The Commissioner, not the court, is the expert and his administrative functions in this field have not been placed in the court.

The requirement of reasonable detail in the order will not unduly burden the Commissioner. He will be doing no more

than placing on the record and in the order for the dam owner, the courts, and other interested parties the details of the proposed fishway.

In brief, the Commissioner may not simply say that it is expedient to have a fishway in a certain dam. He must say as well what kind and nature of a fishway in his judgment is required.

We ground our decision only on the point that the order is not sufficiently exact and specific. "Fishway" alone is not a sufficient description. There is no need to consider, and we do not consider, the arguments of the defendant based on financial inability to comply with the order, or that the fishway is inexpedient, or that the statute above is unconstitutional.

If a proper order is entered by the Commissioner it may develop that the expense of constructing and maintaining the required fishway will come within the financial strength of the defendant — or of those who support or benefit from its charitable purposes. In any event, under such an order the interested parties will be able to proceed without guesswork. Darkness will give way to light.

The words of the court in *Kirby* v. *Pennsylvania R. Co.* (C. A. 3rd Cir.), 188 F. (2nd) 793, 796 note 11, involving an order and award of the National Railroad Adjustment Board, are applicable.

> "The court cannot shape a new order. Thus, if the order or award is so vague that the court is unable to tell what it requires, then we agree that a complaint seeking enforcement of it may be dismissed."

The entry will be

*Petition dismissed.*